UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| MARTIN ALLEN, | * | CASE NO. 1:05-CV-619 |
| Plaintiff, | * | |
| | * | Chief Judge Sandra Beckwith |
| vs. | * | |
| BUTLER COUNTY, OHIO COMMISSIONERS, | * | PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEY'S FEES |
| Defendants. | * | |

PLAINTIFF'S REPLY

THE PLAINTIFF WAS HARMED BY THE DEFENDANT'S VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT AND HE IS ENTITLED TO HIS ATTORNEY'S FEES AND COSTS OF LITIGATION

In its memorandum in opposition to Plaintiff's Motion for Fees the Defendant renews its previously rejected argument that Mr. Allen was not injured or prejudiced by the County's unlawful termination of his employment thus denying him any recovery, much less attorney's fees. This Court has already rejected that argument. To quote from the Court's Order granting summary judgment to Mr. Allen:

> "Butler County argues that even if it interfered with Plaintiff's FMLA rights by requiring him to provide daily notice, Plaintiff suffered no injury as a result of that interference. As stated above, Defendant concedes that Plaintiff's failure to call in daily was one of the reasons for his discharge. Plaintiff was therefore harmed by Defendant's interference with his FMLA rights."

Order Granting Partial Summary Judgment, pg. 24-25. The Court found a harm. Enough already with the no harm done argument.

THERE IS NO SAME DECISION ANYWAY DEFENSE IN THE FMLA'S TEXT

The Defendant says that Mr. Allen is not entitled to even his attorney's fees but cannot point to any reason why not other than he because the jury agreed that he would have been discharged even if the County had not used an unlawful justification for its action.

Whether the same decision anyway defense is appropriate in an FMLA interference case needs to be resolved in a different venue. For the time being though, the defense was employed by Butler County. It was grafted from Title VII and there can be no doubt about that fact. The language allowing for the defense, when an employer is found to have violated a protected right, is written into the text of Title VII. It is nowhere to be found in the FMLA. Neither the damages section (29 U.S.C. §2617), nor the interference section (29 U.S.C. 2615) of the FMLA makes provision for such a defense. The Court in Bachelder v. Am. W. Airlines, Inc., reinforced the absence of a mixed motive defense when it held that there was no reason to import Title VII's multiple motive analysis in a §2615(a)(1) interference claim. 259 F.3d 1112, 1131 (9th Cir. 2001). The Sixth Circuit implied as much in Hoffman v. Professional Med Team, 394 F.3d 414 (6th Cir. 2005) where it cited to Bachelder.

But for now that argument has been resolved by the Court's ruling allowing the Defendant to employ the defense. The same decision anyway defense was explained by the Supreme Court in Desert Palace Inc. v. Costa, 539 U.S. 90; 123 S. Ct. 2148; 156 L. Ed. 2d 84 (2003). Even if the defense is proven by the defendant, a plaintiff who has already proven that the defendant employer has taken some adverse action as a result of statutory violation is entitled to collect his attorney's fees and some equitable relief not including reinstatement.

If a plaintiff who proved that his rights were violated in a way that harmed him, but could

not get fees for the effort of obtaining a judgment to that effect, then the mandatory attorney's fees provision of §2617 would be meaningless. Mr. Allen got a judgment in his favor. Butler County discharged him in violation of the FMLA. Mr. Allen is entitled to recover the fees for obtaining that judgment. There is no limitation in the FMLA statute saying that Mr. Allen had to "prevail" or that he had to be 100% successful. The statute says upon "any judgment" the plaintiff shall be granted reasonable attorney's fees and costs of litigation. 29 U.S.C. §2617(a)(3).

In Sherry v. Protection, Inc., 14 F. Supp. 2d 1055 (D. Ill. 1998), an FMLA case, the defendants cited Farrar v. Hobby, 506 U.S. 103 (1992), as did Butler County, to support their argument that because the plaintiff in that case recovered minimal damages, he should not get any fees. In Sherry, the district court distinguished Farrar because it was based on Title VII. The Court in Sherry said, at 1057:

> "The unique language in the FMLA's attorney's fee provision differs from that in Title VII. The FMLA attorney's fee provision differs in two respects: (1) it uses the word "shall" rather than "may"; and (2) the plaintiff need not be a "prevailing party" in order to be awarded fees.
>
> * * *
>
> A second differentiating characteristic of the FMLA's attorney's fee provision is that the FMLA mandates that fees shall be awarded "in addition to any judgment awarded to the plaintiff." 29 U.S.C. § 2617(a)(3). Most attorney's fee provisions permit the award of fees only to a "prevailing" or "successful" party. See, e.g., Farrar, 506 U.S. 103, 121 L. Ed. 2d 494, 113 S. Ct. 566. However, under the broader FMLA attorney's fee provision, a plaintiff may be eligible for fees even if he fails to meet the requirement that he be a "prevailing party." McDonnell v. Miller Oil Co., Inc., 968 F. Supp. 288, 291 (E.D Va. 1997)."

Thus, in the context of an FMLA case, the award of fees is not dependent on the amount of a judgment received. That a judgment was obtained is enough.

Mr. Allen is entitled to ask the Court for additional equitable relief under 29 U.S.C.

3

§2617 and under the rationale of the same decision anyway defense from Title VII. See, Desert Palace v. Costa, supra. Based on the facts of his case, Mr. Allen should be able to obtain that relief. He can ask that the Court order Butler County to stop making employees on FMLA protected leave call in their absence on a daily basis. He can ask for an order directing Butler County to cease disciplining or discharging employees for not calling in their FMLA protected absences on a daily basis. He can ask that Butler County managers be ordered to stop contacting employee physicians directly with requests for medical information. He can ask that Butler County's managers be ordered to provide all the FMLA's required written disclosures to their employees when those employees commence FMLA protected leave. He can ask for an Order directing Butler County managers to provide employees with at least fifteen days to provide medical certifications of unforeseen FMLA protected leaves after receiving written notice from the employer to provide medical certifications, and more time if the employee needs it. Mr. Allen is entitled to ask for all of this relief, and there is no reason why he should be denied it and his attorney's fees.

REASONABLENESS OF THE REQUESTED FEES

The Defendant challenges both the rate requested and the hours worked by the Plaintiff's attorney. First the challenge to the rate. It seems that the Defendant has pulled $185.00 per hour out of a hat in order to justify its assertion that Plaintiff's counsel should only be worth that amount. This rate was suggested without any evidence, testimonial or by affidavit. It just appears. There is no analysis suggesting that using recognized factors Plaintiff's counsel's hourly rate is out of line with what he has requested. The Court can easily dismiss the Defendant's suggested hourly rate as a random number having no more substance than smoke.

4

Plaintiff's counsel's experience is then unjustifiably called into question.  After practicing law for nearly ten years it is hard to imagine that one would be called inexperienced.  Plaintiff does not dispute that this was his counsel's first federal jury trial.  However, it was not counsel's first federal trial, or his first trial period.  As a point of fact, this case was also Defendant's lead counsel's first federal jury trial.  As for Defendant's second chair counsel, it is unknown if his experience in a courtroom goes beyond second chair.  In any event, a trial, especially before a jury is becoming an oddity.  Of 259,541 cased filed in federal courts in 2006, only 3,555 went to trial.  "*The Vanishing Trial; As court battles become more rare some experts fear the effects on the law*", Business Week, April 30, 2007, read and reviewed online on July 26, 2007, reprinted online by the Civil Justice Resource Group at http://www.centerjd.org/cjrg/Story070430.html. With only 1.4% of all cases getting to a trial, the fact that either of the parties actually reached a trial in this case is a statistical anomaly.

There is no evidence or argument suggesting that Plaintiff's counsel was inept or incompetent.  As a matter of fact, Plaintiff asks the Court to take notice that the Defendant has had, at all times during this litigation, TWO attorneys to the Plaintiff's one.  It would be fair to conclude that Plaintiff's counsel was formidable and experienced enough to rate a defense staffed by two attorneys.  The Defendant has even acknowledged in a prior pleading to this Court, signed by Defendant's counsel, where it was trying to justify employing a defense that was never pleaded in its Answer, that Plaintiff "is represented by knowledgeable legal counsel who practices primarily in Employment Law matters."  <u>Defendant's Memo in Opp. To Plaintiff's Brief in Support of Contested Issue of Law...</u>, Case Doc. #40, at pg. 3.  Defendant's most recent challenge to the experience of Plaintiff's counsel is without support or merit and should be

ignored.

Another reason advanced by the Defendant to support a lower hourly rate for the Plaintiff's counsel is that he is a sole practitioner and not a partner in a firm, unlike the attorney whose affidavit supports the Plaintiff's fee petition. That fact hardly seems relevant, and not entirely free from some unfair bias. Plaintiff's counsel is the owner and general manager of his own firm. That he is not beset by the greater overhead of a "partner in a regional firm" does not minimize his value to his client or the rate to which a "knowledgeable legal counsel who practices primarily in Employment Law matters" is entitled when appearing in a United States District Court in Cincinnati, Ohio.

On the issue of rates actually received, Plaintiff's counsel has actually received a rate of $200.00 per hour in federal employment litigation. See, Turner vs. Perry Twp. 3:03 CV 455, (S.D. Ohio 2005). Order granting fees attached as Exhibit 1. That Order was granted in October, 2005. Nearly two years of price inflation and attorney experience, along with the market locale all have had an upward influence on Plaintiff's counsel's hourly rates.

The hourly rate sought by Plaintiff's counsel ($285.00) is justified, is unchallenged by any credible, or creditable, evidence, and should be applied to all the hours the Court finds the Plaintiff's counsel has worked for the Plaintiff.

THE HOURS WORKED FOR THE PLAINTIFF

Plaintiff brought a claim for interference with his FMLA rights. He prevailed on that claim. Plaintiffs are considered prevailing parties when they vindicate rights. Maher v. Gagne, 448 U.S. 122, 129 (1980). That he did not obtain back pay and reinstatement does not obviate the fact that he was discharged at least in part because of his employer's violation of the FMLA

and as discussed, he was not even required to "prevail" in order to be entitled to attorney's fees. Sherry, supra. The hours worked for Plaintiff are presented in detail for the Court and defense counsel. They need only show that the hours worked were reasonable. Washington vs. Philadelphia County Court of Common Pleas, 89 F.3d 1031, 1037-1038 (C.A. 3 1996). The integrity of the descriptions applied to those hours should not now be used to injure the Plaintiff.

The jury in this case believed the Defendant's affirmative defense that Butler County would have discharged Mr. Allen anyway. But they did not do so until the evidence had been presented by both sides, and after the Court denied the Defendant's Rule 50 motion. Then the jury took over three hours to deliberate. This case could have gone either way. To deny Mr. Allen a recovery for the fees incurred trying this case, relying significantly on the Court's summary judgment in the Plaintiff's favor, would be unjust. Denying the Plaintiff's fees for advancing an argument that was not successful leads to the absurdity of timing objections that were not sustained or for the drafting of lines of legal writing not adopted and then discounting them from a fee petition. This extraordinary burden on Plaintiff would be unjustified.

Mr. Allen got a judgment in his favor, vindicating his important rights, and he went to trial to determine what the damages would be as a result of that judgment. The damages section of the FMLA does not make Mr. Allen's recovery of attorney's fees contingent on an award of back pay, reinstatement or any other type of damage. He vindicated his rights. He prevailed. He is entitled to recover fees for every hour that his attorney employed on his behalf on his FMLA claim.

[The remainder of this page was intentionally left blank.]

CONCLUSION

Plaintiff respectfully restates his motion for an Order directing the Defendant to pay Mr. Allen an amount for his attorney's fees and costs in the amount of $111,178.50 for fees plus $4,094.61 for costs, for a total amount of $115,273.10, plus an additional three (3.0) hours of review, research and drafting for this Reply at $285.00 per hour.

Respectfully submitted,


S/James P. Langendorf
_____
James P. Langendorf, Trial Attorney
Supreme Ct. No. 0068807
2 North Main Street, Suite 408
Middletown, Ohio 45042
Telephone: 513-705-4104
facsimile: 513-705-4106
For Plaintiff Martin Allen
email: jamesplang@aol.com


CERTIFICATE OF SERVICE

The foregoing Reply to Defendant's Memorandum in Opposition to Plaintiff's Motion for Fees and Costs with Exhibit 1 was filed with the District Court's electronic filing system(CM/ECF) today, July 26, 2007, with no further service by me.

S/James P. Langendorf
_____
James P. Langendorf