IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JEFFREY TURNER,

    Plaintiff,     :     Case No. 3:03-cv-0455

vs.     :

    Chief Magistrate Judge Michael R. Merz

PERRY TOWNSHIP, OHIO, et al.,    :

    Defendants.

## DECISION AND ORDER AWARDING ATTORNEY FEES

This case is before the Court on Plaintiff's Motion for Attorney's Fees and Costs (Doc. No. 36) as well as Plaintiff's Bill of Costs (Doc. No. 34).

Plaintiff's Bill of Costs in the amount of $172.00 is uncontested and is plainly proper, given that Plaintiff prevailed at trial.

This is an action under the Fair Labor Standards Act, 29 U.S.C. § 209 and 216. Under 29 U.S.C. §216(b), an award of a reasonable attorney's fee to a prevailing plaintiff is mandatory. Pursuant to that authority, Plaintiff seeks an award of $28,327.50 in fees and $867.00 in non-taxable costs. The $867.00, which should properly be classed as attorney expenses, rather than costs, is not contested by Defendants.

With respect to the fees sought, Defendants do not contest the number of hours expended on the case or that that number was reasonable to expend. The parties have submitted competing affidavits about the reasonable hourly rate from which the Court finds that an appropriate rate for Plaintiff's counsel in this case is $200 per hour, since he is much less experienced in employment litigation in this Court than Mr. Silverstein, the expert witness he has provided.

The only objection offered by Defendants is that the fee sought is disproportionate to the award in the case. Plaintiff was found to be due unpaid overtime of $1,767.30. Because the violations were found to be willful, Plaintiff was awarded am equal amount as liquidated damages, for a total judgment of $3,534.39. Thus the fee award Plaintiff seeks is about eight times the amount recovered.

Plaintiff emphasizes that the Sixth Circuit has upheld attorney fee awards in FLSA which were greatly in excess of the damages recovered, relying particularly on *Fegley v. Higgins*, 19 F.3d 1126 (6th Cir. 1994). In Fegley, the Sixth Circuit relied on its earlier more thorough decision on this issue in *United Slate, etc., Local 307 v. G & M Roofing & Sheet Metal Co.*, 732 F.2d 495 (6th Cir. 1984), where it held:

> It is long established that an award of attorney fees under § 216(b) is mandatory but the amount awarded is within the discretion of the district court. Montgomery Ward & Co. v. Antis, 158 F.2d 948, 952 (6th Cir.), cert. denied, 331 U.S. 811, 67 S. Ct. 1202, 91 L. Ed. 1831 (1947). Thus, the appellate issue is whether the lower court abused that discretion by awarding an unreasonable fee. Hodgson v. Miller Brewing Co., 457 F.2d 221, 228-29 (7th Cir. 1972). See also Conklin v. Joseph C. Hofgesang Sand Co., Inc., 565 F.2d 405, 407 (6th Cir. 1977); Luther v. Z. Wilson, Inc., 528 F. Supp. 1166, 1176 (S.D. Ohio, 1981). The determination of a reasonable fee must be reached through an evaluation of a myriad of factors, all within the knowledge of the trial court, examined in light of the congressional policy underlying the substantive portions of the statute providing for the award of fees. See generally Louisville Black Police Officers Org. Inc. v. Louisville, 700 F.2d 268 (6th Cir. 1983); Northcross v. Board of Ed., 611 F.2d 624 (6th Cir. 1979) cert. denied, 447 U.S. 911, 100 S. Ct. 2999, 100 S. Ct. 3000, 64 L. Ed. 2d 862 (1980).
>
> The design of the Fair Labor Standards Act is intended to rectify and eliminate "labor conditions detrimental to the maintenance of the minimum standard living" for workers. 29 U.S.C. § 202(a). The availability and award of attorney fees under § 216(b) must reflect the obvious congressional intent that the policies enunciated in § 202 be vindicated, at least in part, through private lawsuits charging a violation of the substantive provisions of the wage act. Moreover, the purpose of § 216(b) is to insure effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage

> and hour grievances; "obviously Congress intended that the wronged employee should receive his full wages . . . without incurring any expense for legal fees or costs". Maddrix v. Dize, 153 F.2d 274, 275-76 (4th Cir. 1946).

*Id.* at 501-502. The court identified the then-recent Supreme Court decision in *Hensley v. Eckerhart*, 461 U.S. 424, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983), as directly applicable to FLSA fee awards.

> Once the initial valuation [under Hensley] is derived, the trial judge must then measure that amount against several factors, not the least of which would be the results obtained by the litigant. Hensley v. Eckerhart, 461 U.S. at , 103 S. Ct. at 1940. In considering the result of litigation vis-a-vis a claim for fees, it is essential that, in cases such as the one at bar where Congress has authorized the recovery of fees, the court be cognizant that the result achieved is necessarily more than mere financial gain. The recovery of attorney fees is a tool utilized by Congress to encourage the vindication of congressionally identified policies and rights, as well as to enable the plaintiff to obtain damages without expense for legal assistance. Too great an emphasis on the amount realized from the judgment would detrimentally encourage attorneys to concentrate on increasing the damage award, perhaps with harm to the merits of the case; moreover, transfixion on the damage amount in establishing fees would penalize those litigants whose cases carry slight pecuniary damages, but which present instances of significant statutory violations. See Cooper v. Singer, 719 F.2d 1496, 1502 (10th Cir. 1983) (en banc) ("The lawyer can go forward with nonmonetary claims, secure in the knowledge that the fee award will not be diminished on account of the absence of damages") (§ 1983 case); Hodgson v. Miller Brewing Co., 457 F.2d 221, 228 (7th Cir. 1972) ("The amount of damages recovered is only one factor to be considered in arriving at a reasonable fee award") (F.L.S.A. case).

*Id.* at 503.

In this case Plaintiff sought recovery under the FLSA on three different theories.

His first was that he was entitled to overtime pay for any time worked in excess of 43 hours in any one week. This claim was disposed of on summary judgment because the Court found that the Defendants were entitled to rely on the law-enforcement-specific provisions of 29 U.S.C. §207(k). (See Decision and Order Granting Defendants' Motion for Partial Summary Judgment,

Doc. No. 22). Plaintiff did not prevail at all on this theory.

The case then went to trial on Plaintiff's second claim, to wit, that he had worked a large number of hours doing canine maintenance as part of his work obligations but for which he had not been paid. The Court denied compensation for this time because it found that Plaintiff had never documented this time or made any claim for it until several months after he left Defendant Perry Township's employ. In contrast, the Court found that Perry Township had a policy of compensating K-9 officers for canine maintenance time if it was appropriately claimed on time sheets when it was expended. (See Findings of Fact, Conclusions of Law, and Order for Judgment, Doc. No. 32).

Thus Plaintiff prevailed only on his third theory of FLSA liability, to wit, Defendants' failure to pay him overtime actually recorded on his time sheets which were stipulated in evidence.

In its above-cited FLSA fee decisions, the Sixth Circuit has emphasized the private attorney general theory of fee recovery: the importance of bringing these cases, even if only nominal damages, are recovered to vindicate employee rights and Congressional policy. The difficulty with applying that rationale in this case is that the Court has found that Defendants, with the exception of the unpaid $1,700, have complied with the policy of the FLSA, both in general and with respect to compensating K-9 officers. Nothing about the Court's decision will cause the Perry Township Police Department to change its practice to bring it into line with FLSA policy, nor would the decision naturally have any impact on the behavior of any persons other than the parties to this case.

Nevertheless, Plaintiff should not have had to sue for the recorded and unpaid time and the Court also found that violation was willful. Under the circumstances, the Court believes an attorney fee twice the Plaintiff's recovery is completely reasonable. In addition, Plaintiff's counsel is entitled to the time expended preparing the fee petition.

Accordingly, in addition to the amount previously awarded to Plaintiff, he is hereby awarded:

1.      Costs in the amount of $172.00

2.     Non-taxable costs (expenses) in the amount of $867.00

3.     Attorney fees for the time expended through trial in the amount of $7,068.78

4.     Attorney fees for preparation of the fee petition in the amount of $220.00.

December 29, 2005.

                                                    s/ **Michael R. Merz**
                                             Chief United States Magistrate Judge